**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TORREY-TYREE LEWIS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-1604** |
| | : | |
| **WILMINGTON SAVINGS FUND** | : | |
| **SOCIETY, BALLARD SPAHR LLP,** | : | |
| **ANDREW M. CAROBUS, CHRISTINE** | : | |
| **L. BARBA, SHERIFF DELAWARE** | : | |
| **COUNTY PENNSYLVANIA, JOHN** | : | |
| **OLIVER, RAMSEYS MOVING** | : | |
| **SYSTEMS, LLC** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                      **May 31, 2023**

Delaware County officials acted on a writ of possession on an identified property. They seized personal possessions and caused the resident to leave his home. The resident now pro se sues a bank, its lawyers, their law firm, state actors in Delaware County, a local moving company, and the Commonwealth alleging they violated his civil rights, defrauded him, and illegally stole his personal property and put him "on the street." He claims the bank, its lawyers, the law firm, the state actors, and the moving company used a fictitious writ of possession to steal his property. He does not allege steps taken in state court to address this allegedly fictitious writ issued by the state court. Nor does he allege a basis to overcome the immunity afforded to state actors or to otherwise state a claim for violation of his due process rights, conspiracy, racketeering, or for claims based on criminal statutes for which he has no standing to enforce. He does not state a claim under federal law. We decline to exercise supplemental jurisdiction over his state law fraud and replevin claims. He is proceeding pro se and without paying filing fees given his finances.  We grant him leave to timely amend his civil rights, conspiracy, racketeering, and state law claims if he can do so in good faith against persons participating in the phony writ and taking of his property.

I.    **Alleged *pro se* facts[1]**

Torrey-Tyree Lewis lived in Delaware County for an unknown period.[2] An unnamed attorney for Wilmington Savings Fund Society served Mr. Lewis with a "fictitious" Writ of Possession "packet" from the Delaware County Court of Common Pleas not addressed to him on April 19, 2023.[3]

Mary J. Walk signed the Writ for the Delaware County Court of Common Pleas as the Director of the Office of Judicial Support.[4] And Delaware County Court of Common Pleas Deputy John Oliver also signed the Writ.[5] Mr. Lewis alleges John Oliver is a "Deputy Sheriff."[6] The Writ dated June 23, 2022 directed "the Sheriff of Delaware County, Pennsylvania" to satisfy the judgment for possession in *Wilmington Savings Fund Society, FSB* v. *John Does 1 through 4, Unknown Tenants/Occupants and 702 E. 20th St., LLC* by delivering to Wilmington Savings Fund Society "the following described property"—702 East 20th Street, Second Floor, Front, Chester, PA 19013, PA Tax Parcel No. 49-01-00361-00.[7]

Christine L. Barba and Andrew M. Carobus—as attorneys working for the Ballard Spahr LLP law firm and on behalf of client Wilmington Savings Fund Society—signed and filed a "Praecipe to Reissue Writ of Possession" on March 2, 2023 in the Delaware County Court of Common Pleas.[8] Director Walk and Deputy Sheriff Oliver reissued the Writ on March 2, 2023.[9]

The Wilmington Savings Fund Society, the Sheriff of Delaware County, Deputy Sheriff Oliver, Director Walk, Attorneys Carobus and Barba, and Ramseys Moving Systems LLC "robbed" Mr. Lewis on April 19, 2023 at 702 East 20th Street.[10] Mr. Lewis does not tell us whether these entities and individuals acted under the Writ. But the Writ "wasn't addressed to [Mr. Lewis]" but instead addressed to "702 East 20th Street, Second Floor, Front."[11] And it "wasn't signed by a Judge, nor was an Affidavit attached, nor did it have an Order with a Seal from the court or [ ] judge[.]"[12] But the Sheriff still (1) broke into Mr. Lewis's home; (2) took all of his personal

belongings; (3) gave his belongings to Ramseys Moving Systems and (4) kicked him out on the street.[13] Mr. Lewis claims the Wilmington Savings Fund Society, the Sheriff of Delaware County, Deputy Sheriff Oliver, Director Walk, Attorneys Carobus and Barba, and Ramseys Moving Systems robbed him while some undefined stay order remained on the property.[14] They "threw [him] out of [his] apartment without seeing a day in court."[15]

Mr. Lewis claims no one gave him notice of the Writ before the alleged robbery and he only received the Writ on the day the Sheriff confiscated his property from "a man [who] stated he was the Attorney for Wi[l]mington Savings Fund Society[.]"[16] He claims the "defendant[']s" movers "unlawfully confiscat[ed] all of [his] life's possession[s] from [his] home."[17] Mr. Lewis alleges "[e]ach Defendant had equal parts in the Fraud" without specifying the "fraud" alleged or the role "[e]ach Defendant" played in the alleged fraud.[18] He asks us through a "Writ of Replevin" to "immediately order the Marshals to retrieve and return all of [his] belong[ings] to 702 East 20th Street[.]"[19]

## II.    Analysis

Mr. Lewis pro se sues Wilmington Savings Fund Society, the Sheriff of Delaware County, Deputy Sheriff Oliver, Director Walk, Attorneys Carobus and Barba and their law firm Ballard Spahr LLP, Ramseys Moving Systems, and the Commonwealth of Pennsylvania for violating his civil rights.[20] He claims they "denied [him] Due Process" and "conspired together to commit Fraud and Theft by Deception."[21] And Attorneys Carobus and Barba violated their "oath of office."[22] He claims he only has the "Fraudulent Writ of Possession packet as Evidence of the Fraud because they took [his] belongings and didn't tell [him] where it was going."[23] Mr. Lewis seeks $75,000,000.00 in monetary damages.[24]

Mr. Lewis's Complaint, construed in the most liberal fashion without speculation, seemingly tries to plead claims against Wilmington Savings Fund Society, the Sheriff, Deputy

3

Sheriff Oliver, Director Walk, Attorneys Carobus and Barba, Ballard Spahr, Ramseys Moving Systems, and the Commonwealth of Pennsylvania for:

- depriving him of his due process rights under 42 U.S.C. § 1983;

- conspiring to deprive him of his civil rights under 42 U.S.C. §§ 1983, 1985, 1986;

- violating twelve criminal statutes;

- violating the Racketeer Influenced Corrupt Organizations Act; and

- committing fraud under Pennsylvania law.[25]

Mr. Lewis also demands we "as trustee and thru [a] Writ of Replevin protect" Mr. Lewis's property and estate and "immediately order the Marshals to retrieve and return all of [his] belong[ings] to 702 East 20th Street[.]"[26]

We granted Mr. Lewis leave to proceed *in forma pauperis* after review of his sworn financial condition earlier this month.[27] Congress requires we now screen his Complaint and dismiss if we find his action frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[28] We apply the same standard used under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii).[29] We accept all factual allegations in Mr. Lewis's Complaint as true and construe those facts in the light most favorable to him to determine whether he states a claim to relief plausible on its face.[30]

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a pro se litigant's pleadings . . . .'"[31] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[32] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[33]

4

Mr. Lewis seeks money damages and other relief for violations of his constitutional rights. Congress allows persons to seek relief for constitutional claims in federal court under 42 U.S.C. § 1983. "To state a claim under [section] 1983, [Mr. Lewis] must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."[34] "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.[35]

We find Mr. Lewis's claims either are barred by quasi-judicial immunity, not sufficiently plead, or he does not have the right to sue on these theories.

### A.  We dismiss Mr. Lewis's claims against the Commonwealth with prejudice.

Mr. Lewis sues the Commonwealth of Pennsylvania for "[f]raudulently and [w]rongfully" stealing his property.[36] We liberally construe Mr. Lewis's pro se Complaint as claiming the Commonwealth violated Mr. Lewis's due process rights under section 1983.

Mr. Lewis cannot sue the Commonwealth for damages under this type of due process claim. The Commonwealth enjoys immunity under the Eleventh Amendment "from liability for damages in a suit brought in federal court by one of its own citizens."[37] States can waive their Eleventh Amendment immunity. But Pennsylvania has not done so.[38] And Congress did not abrogate the Commonwealth's sovereign immunity through the enactment of section 1983.[39]

We dismiss Mr. Lewis's claims against the Commonwealth with prejudice as the Commonwealth is immune from suit.

### B.  We dismiss Mr. Lewis's claims against Director Walk with prejudice.

Mr. Lewis sues Director Walk for her involvement in denying Mr. Lewis due process through the service of a "fictitious" Writ.[40]

While court staff "are not entitled to absolute judicial immunity simply by virtue of their position . . . quasi-judicial immunity applies to court staff, such as clerks of judicial records and

court reporters, who are acting in their official capacities."[41] And "if persons are immune from Section 1983 liability for their acts by virtue of their function in the judicial process, they must be immune from Section 1983 liability for conspiring to do those acts."[42]

Mr. Lewis contends Director Walk "conspired . . . to commit fraud" in violation of Mr. Lewis's due process rights.[43] Mr. Lewis does not allege specific facts demonstrating how or what Director Walk did. But she is immune to the extent Mr. Lewis is suing Director Walk because she signed the Writ. Director Walk acted in her official capacity as court staff when she signed the Writ. Mr. Lewis alleges no facts Director Walk acted in a role other than her official capacity as the Director of the Office of Judicial Support.

We dismiss Mr. Lewis's claims against Director Walk with prejudice because she enjoys quasi-judicial immunity for her acts taken in their court-appointed roles and is immune from suit.

**C.  Mr. Lewis fails to plead claims under section 1983.**

We liberally construe Mr. Lewis's Complaint as alleging Wilmington Savings Fund Society, the Sheriff of Delaware County, Deputy Sheriff Oliver, Attorneys Carobus and Barba and their law firm, and Ramseys Moving Systems: (1) violated Mr. Lewis's due process rights; and (2) conspired to deprive him of his property by violating his due process rights under section 1983.

Under the Due Process Clause of the Fourteenth Amendment, no State shall "deprive any person of life, liberty, or property, without due process of law[.]"[44] The Fourteenth Amendment's Due Process Clause protects both substantive and procedural due process rights.[45] The relevant inquiry in determining whether government conduct violates substantive due process "is whether the behavior of the government officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."[46] Mr. Lewis must establish "the loss of a protected property interest without adequate process" to succeed on a Fourteenth Amendment procedural due process

claim.[47] "But nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by *private actors*."[48]

To prevail on a conspiracy claim under section 1983, Mr. Lewis must prove persons acting under color of state law "reached an understanding" to deprive him of his constitutional rights—here, Mr. Lewis's procedural or substantive due process rights.[49] Congress, through section 1983, protects against constitutional violations by the state, but "not against wrongs done by individuals[.]"[50] So we only apply section 1983 when the state is responsible for the specific conduct causing the alleged harm.[51] Private individuals ordinarily "do not act under color of state law" and thus "are not liable under Section 1983."[52] But "[p]rivate individuals may be deemed to have acted under color of state law in a § 1983 action if they conspired with state actors to violate a plaintiffs civil rights" but such claims must rise above "mere labels and conclusions."[53]

"With respect to the conspiracy aspect of a Section 1983 conspiracy claim . . . [Mr. Lewis's] 'allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.'"[54] The elements of a claim of conspiracy to violate federal civil rights are: "(1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States," with the added gloss under section 1983 "the conspirators act 'under the color of state law.'"[55] And we are mindful "[a] conspiracy claim cannot be based merely on suspicion or speculation."[56]

### 1. We dismiss Mr. Lewis's section 1983 claims against the Sheriff and Deputy Sheriff.

Mr. Lewis sues an unnamed Sheriff of Delaware County and Deputy Sheriff Oliver for violating his due process rights and for their alleged involvement in the conspiracy to deprive him

of his due process rights.[57] He claims the Sheriff broke into his home and took his personal belongings and kicked him out onto the street.[58] Mr. Lewis does not allege specific facts demonstrating how or what acts Deputy Sheriff Oliver committed. But Deputy Sheriff Oliver's signature appears on the Writ.[59] We interpret this claim as being brought against the Sheriff and Deputy Sheriff in their individual and official capacities.

### i. We dismiss the official capacity claims against the Sheriff and Deputy Sheriff with prejudice.

Mr. Lewis cannot sue the Sheriff and Deputy Sheriff in their official capacities for money damages. Under the Eleventh Amendment, "states are immune from suit by private parties in federal court."[60] Claims against officers in their official capacity are indistinguishable from claims against the entity employing the officer.[61] "Official capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"[62] While municipalities may be liable as a "person" under section 1983 for its own illegal acts, it cannot be vicariously liable under section 1983 for their employees' actions.[63] Mr. Lewis must identify the policies or customs of the municipality causing an alleged constitutional violation.[64]

Mr. Lewis's claims against the Sheriff and Deputy Sheriff in their official capacities as municipal employees are claims against Delaware County. Mr. Lewis does not allege a policy or custom of Delaware County violated his constitutional rights. We dismiss Mr. Lewis's claims against the Sheriff and Deputy Sheriff Oliver in their official capacities with prejudice.

### ii. We dismiss Mr. Lewis's procedural due process claim against the Sheriff and Deputy Sheriff under 1983.

Mr. Lewis does not plead the Sheriff or Deputy Sheriff deprived him of procedural due process. We dismiss this claim without prejudice.

When evaluating a procedural due process claim we ask whether: (1) "the asserted individual interests are encompassed within the [F]ourteenth [A]mendment's protection of 'life,

liberty, or property'"; and (2) the state actor's procedures provided Mr. Lewis with "due process of law."[65]

Mr. Lewis alleged the Sheriff and Deputy Sheriff deprived him of his personal property. Personal property is a valid interest under the Fourteenth Amendment.[66]

The issue is then whether the state actors deprived Mr. Lewis of due process. A deprivation of property should "be preceded by notice and opportunity for hearing appropriate to the nature of the case."[67] But "a state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them."[68]

Mr. Lewis claims the Sheriff denied him due process, and conspired with others to deny him due process, when he broke into Mr. Lewis's house, and took Mr. Lewis's belongings and possession of his home.[69] Mr. Lewis claims he never received notice of the Writ before the alleged robbery and only received the Writ on the day the Sheriff confiscated his property—on April 19, 2023—from "a man [who] stated he was the Attorney for Wi[l]mington Savings Fund Society[.]"[70] He claims the "defendant[']s" movers "unlawfully confiscat[ed] all of [his] life's possession[s] from [his] home."[71] He only pleads "there was a stay order on the property" and the Sheriff "threw [him] out of [his] apartment without seeing a day in court."[72] We do not know if Mr. Lewis had been given a "day in court." Mr. Lewis does not allege specific facts demonstrating how or what acts Deputy Sheriff Oliver committed. But Deputy Sheriff Oliver's signature appears on the Writ.[73]

We must accept Mr. Lewis's fact allegations as true.[74] But we are not obligated to credit his legal conclusions.[75] Mr. Lewis fails to state a Fourteenth Amendment procedural due process claim as he has not alleged whether the state afforded procedures to him to challenge this conduct, and if so, whether he utilized the state court procedures, or how the state procedures deprived him

of due process. Mr. Lewis also does not plead either the Sheriff or Deputy Sheriff Oliver individually denied him of a procedure which he must do to establish civil rights liability.[76]

We dismiss Mr. Lewis's underdeveloped procedural due process claim against the Sheriff and Deputy Sheriff in their individual capacities without prejudice if Mr. Lewis can amend in good faith.

### iii. We dismiss the substantive due process claim against the Sheriff and Deputy Sheriff.

Mr. Lewis also fails to plead a substantive due process claim against the Sheriff or Deputy Sheriff because he has not alleged conscience shocking conduct. To state a substantive due process claim not based on a legislative process, Mr. Lewis must plead not only he has a fundamental property interest but also the Sheriff and Deputy Sheriff's actions "shocks the conscience."[77] Only "the most egregious official conduct" can be said to "shock[] the conscience."[78]

Mr. Lewis does not allege action which shocks the conscience. He alleges the Writ addressed to the Sheriff and signed by Deputy Sheriff Oliver amounted to a "fictitious" Writ.[79] But he does not allege facts demonstrating how or why it amounts to a "fictitious" Writ or who created the Writ. He only alleges the Writ "wasn't addressed to [him] . . . [but] was addressed to 702 East 20th Street, Second Floor, Front."[80] And it "wasn't signed by a Judge, nor was an Affidavit attached, nor did it have an Order with a Seal from the court or [] judge[.]"[81] As plead, these facts do not shock the conscience. He may be right if he can plead in good faith a basis to find the Writ is a fictitious document. He may need to review the state court dockets to investigate his assumptions. We may have a different view if he can plead facts allowing us to plausibly infer the state actors created a phony writ and then took his property through it.

We dismiss Mr. Lewis's substantive due process claim against the Sheriff and Deputy Sheriff in their individual capacities without prejudice if Mr. Lewis can amend in good faith.

#### iv.  We dismiss the civil rights conspiracy claim against the Sheriff and Deputy Sheriff.

Mr. Lewis attempts to plead a conspiracy under section 1983 against the Sheriff and Deputy Sheriff by alleging "[e]ach Defendant had equal parts in the Fraud" and "they all conspired together" to take his property.[82] He does not do so. We dismiss this claim without prejudice.

To prevail on a civil rights conspiracy claim, Mr. Lewis must allege sufficient facts allowing us to plausibly infer persons acting under color of state law "reached an understanding" to deprive him of his constitutional rights—here, his due process rights.[83] As we explained above, Mr. Lewis does not presently allege the Sheriff or Deputy Sheriff violated his due process rights. And, even if he could, Mr. Lewis has not pleaded "an agreement or understanding between the defendants to carry out the alleged chain of events; [his] mere assertion that such a plot exists is simply not sufficient. Establishing the existence of an agreement is part of the prima facie case for civil conspiracy under 42 U.S.C. § 1983[.]"[84]

We dismiss Mr. Lewis's section 1983 conspiracy claim against the Sheriff and Deputy Sheriff Oliver without prejudice if Mr. Lewis can in good faith plead facts allowing us to plausibly infer the Sheriff and Deputy Sheriff reached an agreement to deprive him of his constitutional rights.

#### 2.  We dismiss the civil rights claims against the private entities.

Mr. Lewis sues two private companies—Wilmington Savings Fund Society and Ramseys Moving Systems—under 1983 for violating his due process rights and their alleged involvement in the conspiracy. We dismiss these civil rights claims without prejudice.

These two companies are not state actors. But they may be acting under color of state law if Mr. Lewis can plead facts allowing us to plausibly infer "whether there is 'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated

as that of the State itself.'"[85] Our Court of Appeals "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists[:]" (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."[86] Another test, commonly referred to as the "joint action test," asks whether a private entity willfully participated in the joint action with the state or its agents.[87]

Mr. Lewis pleads no specific facts as to how or why Wilmington Savings Fund Society or Ramseys Moving Systems are state actors. And he offers no facts as to how these two entities deprived him of his due process rights or were involved in a conspiracy. "[T]he personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, [Mr. Lewis] must allege how each defendant was involved in the events and occurrences giving rise to the claims."[88] The only facts alleged against these entities are the Writ ordered the Sheriff to deliver possession of 702 East 20th Street to Wilmington Savings Fund Society and then the Sheriff allegedly gave Mr. Lewis's belongings to Ramseys Moving Systems LLC.[89] And he received the Writ on April 19, 2023 from "a man [who] stated he was the Attorney for Wi[l]mington Savings Fund Society[.]"[90] Mr. Lewis pleads no facts to show either of these entities entered into an agreement and acted with state officials to deprive him of his due process rights.

We dismiss the section 1983 due process and conspiracy claims against Wilmington Savings Fund Society and Ramseys Moving Systems without prejudice if Mr. Lewis can provide specific facts showing these entities are state actors who violated his due process rights, and they conspired with state actors to violate his due process rights.

### 3. We dismiss the civil rights claims against the attorneys and their firm without prejudice.

Mr. Lewis sues Attorneys Carobus and Barba and their firm Ballard Spahr for their alleged involvement in the conspiracy to deprive him of his property.[91] He claims they violated their "oath of office" because their names appear in the Writ "packet[.]"[92] We dismiss these claims without prejudice.

"Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."[93] Mr. Lewis cannot satisfy the state action requirement necessary to bring his section 1983 due process or conspiracy claims against Attorneys Carobus and Barba or their Firm because they are lawyers.[94] And Mr. Lewis pleads no facts allowing us to plausibly infer Attorneys Carobus or Barba or their Firm entered into an agreement and acted with state officials to deprive him of his due process rights.

We dismiss the section 1983 claims against Attorneys Carobus and Barba and Ballard Spahr without prejudice if Mr. Lewis can plead facts allowing us to plausibly infer these two lawyers and their Firm are state actors who violated his due process rights and conspired with state actors to violate his due process rights.

### D. We dismiss the civil rights conspiracy claim.

Mr. Lewis sues all named parties for civil rights conspiracy under 42 U.S.C. § 1985 alleging "[e]ach Defendant had equal parts in the Fraud" and "they all conspired together[.]"[95] Mr. Lewis does not identify under which of the three subsections of section 1985 he is proceeding. We assume he is proceeding under 42 U.S.C. § 1985(3).[96]

A claim for civil conspiracy under 42 U.S.C. § 1985(3), unlike a claim under section 1983, does not have a state action requirement.[97] To state a claim Mr. Lewis must plead in good faith: "(1) [defendants engaged in] a conspiracy; (2) for the purpose of depriving, either directly or

indirectly, any person or class of persons of the equal protection of the laws . . . ; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."[98] The first element requires allegations of a conspiracy "based in fact" and not "merely upon [Mr. Lewis's] own suspicion and speculation."[99] And section 1985(3) requires Mr. Lewis to allege "invidious racial or otherwise class-based discriminatory animus lay behind the Defendants' actions, and [he] must set forth facts from which a conspiratorial agreement between the defendants can be inferred."[100]

"[Section] 1986 constitutes an additional safeguard for those rights protected under 42 U.S.C. § 1985, and 'transgressions of § 1986 by definition depend on a preexisting violation of § 1985.'"[101] So "to maintain a cause of action under § 1986, [Mr. Lewis] must show the existence of a § 1985 conspiracy."[102]

Mr. Lewis, as we describe above, has not alleged facts of a conspiracy beyond his own speculations and suspicions. And he has not alleged facts to demonstrate racial or otherwise class-based discriminatory animus laid behind the acts of the entities or individuals he sues.

We dismiss a civil rights conspiracy claim under sections 1985(3) and 1986 without prejudice.

### E.  We dismiss Mr. Lewis's claims based on criminal statutes with prejudice.

Mr. Lewis alleges Wilmington Savings Fund Society, the Sheriff, Deputy Sheriff Oliver, Director Walk, Attorneys Carobus and Barba, and Ramseys Moving Systems all violated twelve different federal criminal statutes.[103]  We dismiss these claims with prejudice as Mr. Lewis lacks standing to prosecute these plead crimes.

None of these criminal statutes create a private right of action to sue.[104] So Mr. Lewis as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

another."[105] There is no right to require the government to initiate criminal proceedings against an individual.[106]

We dismiss Mr. Lewis's claims alleging the individuals and entities violated the federal criminal code with prejudice as an amendment would be futile.

### F.  We dismiss Mr. Lewis's civil RICO claim.

Mr. Lewis asserts both civil and criminal causes of action under the Racketeer Influenced Corrupt Organizations Act.[107] We dismiss this claim without prejudice.

The relevant civil statute does provide a private right of action, but it requires Mr. Lewis identify "the defendant 'enterprise engaged in. . . interstate or foreign commerce" and they have "received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal."[108] To plead a civil racketeering claim, Mr. Lewis must plead sufficient facts allowing us to plausibly infer the existence of: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[109] A pattern of racketeering activity requires "commission of at least two predicate offenses on a specified list" of crimes.[110]

Mr. Lewis has not pleaded a fact which could plausibly support this claim. Mr. Lewis's bare citations to Congress's language in 18 U.S.C. §§ 1963–64, along with his conclusory allegations of misconduct against the entities and individuals, fail to allow us to plausibly infer a civil racketeering claim. We grant him leave to amend his civil racketeering claim only if he can do so in good faith.

### G.  We decline to exercise supplemental jurisdiction over state law claims

Mr. Lewis invoked our limited federal question jurisdiction. We dismiss all his claims over which we have original jurisdiction. But Mr. Lewis also brings state law claims for fraud and

replevin. We decline to exercise supplemental jurisdiction at this early stage absent a federal question raised among Pennsylvania citizens.

Mr. Lewis claims "each Defendant had equal parts in the Fraud."[111] We construe this liberally as a general claim for fraud under Pennsylvania law.[112] And Mr. Lewis asks we "as trustee and thru [a] Writ of Replevin protect" Mr. Lewis's property and estate and "immediately order the Marshals to retrieve and return all of [his]" belong[ings] to 702 East 20th Street[.]"[113] We liberally construe this as a claim for replevin under Pennsylvania state law.[114]

Mr. Lewis invoked our limited federal question jurisdiction. We today dismiss all his civil rights and racketeering claims over which we have original jurisdiction. Congress permits us to exercise supplemental jurisdiction over Mr. Lewis's state law claims under 28 U.S.C. § 1367(a). But our supplemental jurisdiction is discretionary.[115] We may consider our supplemental jurisdiction sua sponte.[116] We "may decline to exercise supplemental jurisdiction" over a claim if one of four factors exists:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[117]

We dismissed all of Mr. Lewis's claims citing federal law. We decline to exercise supplemental jurisdiction over Mr. Lewis's state law claims for fraud and replevin because we dismissed all claims over which we have original jurisdiction.[118]

## III.    Conclusion

We appreciate Mr. Lewis is frustrated about losing his home and personal property. But he cannot sue the Commonwealth as it is immune from suit. And he cannot sue Director Walk as she acted in her official capacity as court staff during her alleged involvement in allegedly preparing the Writ. Mr. Lewis cannot sue the Sheriff or Deputy Sheriff in their official capacities but may sue them in their individual capacities if he can plead facts showing they violated his due process rights and conspired with other state actors.

Mr. Lewis fails to plead a due process or civil conspiracy claim against the attorneys or private entities. But we grant him leave to amend if he can demonstrate the necessary state action and show how each individual and entity reached an agreement to deprive him of his constitutional rights. And we dismiss Mr. Lewis's sections 1985(3) and 1986 claims without prejudice as he has not alleged a conspiracy.

We dismiss with prejudice Mr. Lewis's claims based on criminal statutes as any amendment would be futile. We dismiss his civil racketeering claim without prejudice if he can plead the necessary elements in good faith. We decline to exercise supplemental jurisdiction over Mr. Lewis's state law claims of fraud and replevin absent jurisdiction based on a federal question.

Mr. Lewis is again reminded "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable.[119] Using terms such as "they" or "Defendants" without specifying the state actor personally involved in an incident will not cure the defects.

---

[1] Torrey-Tyree Lewis filed a Complaint on April 26, 2023 and another Complaint on May 24, 2023. ECF Doc. Nos. 1, 10. We consolidate the allegations rather than amend since his May 24, 2023 allegations bring only state law replevin claims against fellow Pennsylvanians. We would lack subject matter jurisdiction over the May 24, 2023 allegations if we considered them as amending his earlier civil rights claims. We instead liberally construe them as supplementing his earlier civil rights allegations. We today screen them together.

We also consider, in addition to Mr. Lewis's fact allegations, the Writ of Possession signed by Mary J. Walk and John Oliver attached to Mr. Lewis's Complaint. "[I]n addition to the complaint itself, the court can review documents attached to the complaint and matters of public record." *McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) (citing *Lum v. Bank of America*, 361 F.3d 217, 221 n. 3 (3d Cir. 2004)). Mr. Lewis also filed a "Living Testimony in the Form of an Affidavit of Fact" on May 12, 2023. *See* ECF Doc. No. 8. We do not consider the Affidavit of Fact when considering whether to dismiss Mr. Lewis's Complaint for failure to state a claim under section 1915(e)(2)(B)(ii).

[2] Mr. Lewis does not allege many facts. He recites a number of legal doctrines and quotes (many times in full-text).

[3] ECF Doc. No. 1 at 9; ECF Doc. No. 10 at 5.

[4] ECF Doc. No. 1 at 15.

[5] *Id.*

[6] *Id.* at 9, 15.

[7] *Id.* at 15.

[8] *Id.* at 12.

[9] *Id.* at 11.

[10] *Id.* at 9. Mr. Lewis also alleges the same individuals and entities first "confiscated" his possessions located at 731 Irvington Place, Chester, Pennsylvania on October 27, 2021. ECF Doc. No. 10 at 5.

[11] ECF Doc. No. 1 at 9.

[12] ECF Doc. No. 10 at 6.

[13] ECF Doc. No. 1 at 9.

[14] *Id.* at 10.

[15] *Id.*

[16] ECF Doc. No. 10 at 5–6.

[17] *Id.* at 6.

[18] ECF Doc. No. 1 at 9.

[19] ECF Doc. No. 10 at 6.

[20] ECF Doc. No. 1 at 5–7; ECF Doc. No. 10.

[21] ECF Doc. No. 1 at 10.

[22] *Id*.

[23] *Id*.

[24] ECF Doc. No. 10 at 6.

[25] ECF Doc. No. 1 at 5, 7; ECF Doc. No. 10.

[26] ECF Doc. No. 10 at 6.

[27] ECF Doc. No. 7.

[28] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[29] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[30] *Id*. (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[31] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[32] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[33] *Id*. (quoting *Mala*, 704 F.3d at 245).

[34] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[35] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley*, 957 F.3d at 374 ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[36] ECF Doc. No. 1 at 4.

[37] *Warner v. Pennsylvania*, 569 F. App'x 70, 72 (3d Cir. 2014).

[38] *Id*. (citing 42 Pa. Cons.Stat. § 8521(b)).

[39] *Id*. (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)).

[40] ECF Doc. No. 1 at 9.

[41] *Shahin v. Darling*, 606 F. Supp. 2d 525, 543 (D. Del. 2009), *aff'd*, 350 F. App'x 605 (3d Cir. 2009); *see also Villarreal v. New Jersey*, 803 F. App'x 583, 588 (3d Cir. 2020) ("Clerk Smith is also entitled to quasi-judicial immunity for carrying out a facially valid Writ of Execution.").

[42] *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 664 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (internal citation omitted).

[43] ECF Doc. No. 1 at 10.

[44] U.S. Const. amend. XIV.

[45] *United States v. Salerno*, 481 U.S. 739, 746 (1987).

[46] *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 425 (3d Cir. 2006) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

[47] *Sherrill v. City of Hoboken*, No. 20-1251, 2021 WL 4473392, at *1 (3d Cir. Sept. 30, 2021) (citing *Schmidt v. Creedon*, 639 F.3d 587, 595 (3d Cir. 2011)).

[48] *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195 (1989) (emphasis added) ("[The Due Process Clause] forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.").

[49] *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293–94 (3d Cir. 2019).

[50] *Mikhail*, 991 F. Supp. 2d at 642 (quoting *United States v. Price*, 383 U.S. 787, 799 (1966)).

[51] *Id.* (*citing Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141–42 (3d Cir.1995); *see also Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor.").

[52] *Trainor v. Overmyer*, No. 20-00260, 2021 WL 5770215, at *3 (W.D. Pa. Dec. 6, 2021) (internal citations omitted).

[53] *Kitko v. Young*, No. 10-189, 2012 WL 399981, at *3 (W.D. Pa. Feb. 7, 2012), *aff'd*, 575 F. App'x 21 (3d Cir. 2014) (quoting *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009)).

[54] *Langella v. Cercone*, No. 09-312, 2010 WL 2402971, at *4 (W.D. Pa. June 10, 2010) (quoting *Capogrosso*, 588 F.3d at 185).

[55] *Jutrowski*, 904 F.3d at 293–94, n. 15 (citing *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (quoting 42 U.S.C. § 1983)).

[56] *Blessing v. City of Latrobe*, No. 20-1212, 2022 WL 114077, at *9 (W.D. Pa. Jan. 12, 2022) (citing *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)).

[57] Mr. Lewis may sue "the Sheriff of Delaware County" if he does not know the real name of the individual he is suing, but he still must make clear who he is suing, and he must provide sufficient information about the Sheriff so he can be identified for purposes of service. *See Beddingfield v. Elder*, No. 18-01900, 2018 WL 11309931, at *2 (D. Colo. Oct. 4, 2018).

[58] ECF Doc. No. 1 at 9.

[59] *Id*. at 15.

[60] *Foster v. McLaughlin*, 203 F. Supp. 3d 483, 487 (E.D. Pa. 2016) (citing *Tennessee v. Lane*, 541 U.S. 509, 517(2004)).

[61] *Geiger v. Conroy,* No. 22-2458, 2022 WL 4585520, at *3 (E.D. Pa. Sept. 29, 2022) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n. 55 (1978)).

[62] *Graham,* 473 U.S. at 165–66 (quoting *Monell*, 436 U.S. at 690 n. 55).

[63] *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell*, 436 U.S. at 691.

[64] *McTernan v. City of York*, 564 F.3d 636, 657–58 (3d. Cir. 2009); *Natale v. Camden City Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

[65] *Templin v. Weaknecht*, No. 19-1021, 2020 WL 1028054, at *2 (E.D. Pa. Mar. 2, 2020) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

[66] *Id*.

[67] *Id.* (internal citations omitted).

[68] *Alvin*, 227 F.3d at 116 (3d Cir. 2000). Chief Judge Sánchez in *Templin v. Weaknecht* found Mr. Templin failed to state a procedural due process claim stemming from a writ of execution filed in the Berks County Court of Common Pleas which led to his property being sold at sheriff's sale. *Templin*, 2020 WL 1028054, at *2. Chief Judge Sánchez reasoned Mr. Templin received sufficient notice of the sheriff's sale under Pennsylvania Rule of Civil Procedure 3128. *Id*. at *3. And Mr. Templin failed to avail himself to the procedural protections which would have remedied his alleged error of defective notice of the writ under Pennsylvania Rule of Civil Procedure 3121(b) which allows a defendant to seek a stay of the judgment's execution or set aside a writ upon a showing of "a defect in the writ, levy or service" or "any other legal or equitable ground therefor." *Id*. Mr. Templin could have moved to stay the judgment's execution or set aside the writ after receiving notice of it in state court, but he failed to do so. *Id*. So Chief Judge Sánchez found the sheriff could not be held liable for Mr. Templin's "failure to avail himself of readily available procedural protections." *Id*.

21

[69] ECF Doc. No. 1 at 9–10.

[70] ECF Doc. No. 10 at 5–6.

[71] *Id.* at 6.

[72] ECF Doc. No. 1 at 10.

[73] *Id.* at 15.

[74] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

[75] *Id.*

[76] *Rode*, 845 F.2d at 1207.

[77] *Templin*, 2020 WL 1028054, at *3 (citing *Cnty of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

[78] *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004).

[79] ECF Doc. No. 1 at 9–10.

[80] *Id.* at 9.

[81] ECF Doc. No. 10 at 6.

[82] ECF Doc. No. 1 at 9.

[83] *Jutrowski*, 904 F.3d at 293–94.

[84] *Kist v. Fatula*, No. 2006-67, 2007 WL 2404721, at *8 (W.D. Pa. Aug. 17, 2007).

[85] *Kach,* 589 F.3d at 646 (citing *Leshko v. Servis,* 423 F.3d 337, 339 (3d Cir. 2005)) (internal quotations omitted)

[86] *Id.* (citation omitted).

[87] *Madero v. Luffey*, 439 F. Supp. 3d 493, 514 (W.D. Pa. 2020), *clarified on denial of reconsideration*, No. 19-700, 2020 WL 9815453 (W.D. Pa. Mar. 13, 2020) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941–42 (1982)).

[88] *Woods v. Pennsylvania*, No. 22-3515, 2023 WL 173920, at *3 (E.D. Pa. Jan. 12, 2023) (quoting *Rode*, 845 F.2d at 1207)

[89] ECF Doc. No. 1 at 9.

[90] ECF Doc. No. 10 at 5–6.

---

[91] *Id*. at 10.

[92] *Id*. at 10, 12.

[93] *Angelico v. Lehigh Valley Hosp., Inc*., 185 F.3d 268, 277–78 (3d Cir. 1999).

[94] *Mikhail*, 991 F. Supp. 2d at 644; *see also Peterec-Tolino v. New York*, 364 F. App'x 708, 711 (2d Cir. 2010).

[95] ECF Doc. No. 1 at 9–10.

[96] The other two subsections do not apply to the facts alleged. *See* 28 U.S.C. § 1985(1) (conspiracy to prevent federal officer from taking office or performing duties); 28 U.S.C. § 1985(2) (conspiracy to intimidate party, witness or juror).

[97] *Edmonds v. Semple*, No. 22-653, 2022 WL 3219478, at *5 (W.D. Pa. July 22, 2022), *report and recommendation adopted*, No. 22-653, 2022 WL 3214642 (W.D. Pa. Aug. 9, 2022) (citing *Griffin v. Breckenridge*, 403 U.S. 88 (1971)).

[98] *Sherrill*, 2021 WL 4473392, at *1 (quoting *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006)).

[99] *Id.* (quoting *Young*, 926 F.2d at 1405, n.16 (3d Cir. 1991)).

[100] *Farrar v. McNesby*, 639 F. App'x 903, 906 (3d Cir. 2016) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267–68 (1993)).

[101] *Chamberlain v. City of Philadelphia*, No. 20-6572, 2023 WL 2868010, at *6 (E.D. Pa. Apr. 10, 2023) (quoting *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994)).

[102] *Id.* (quoting *Clark*, 20 F.3d at 1295, n. 5).

[103] Mr. Lewis alleges the individuals committed various crimes including "conspiracy against rights" and "conspiracy" under 18 U.S.C. § 241; "deprivation of rights under color of law" under 18 U.S.C. § 242; "frauds and swindle" under 18 U.S.C. § 1341; "fictitious obligations" under 18 U.S.C. § 514; "violation of oath of office", "denied proper warrant(s)", "denied right of reasonable defense arguments", "defense evidence", "denied right to truth in evidence", "slavery", "denied provisions in the Constitution", "treason", and "grand theft" under 18 U.S.C. § 3571; "genocide" under 18 U.S.C. § 1091; "extortion" under 18 U.S.C. § 872; "mail threats" under 18 U.S.C. § 876; "fraud" and "falsification of documents" under 18 U.S.C. § 1001; "perjury" and "subordination of perjury" under 18 U.S.C. § 1622; "grand theft" under 18 U.S.C. § 2112; and criminal "racketeering" under 18 U.S.C. § 1963.

[104] *See Roark v. Irizarry*, No. 21-4107, 2022 WL 3371615, at *3 (E.D. Pa. Aug. 16, 2022) (recognizing 18 U.S.C. § 241 is a criminal statute which does not provide for a civil remedy); *Miller v. Nelling*, No. 22-3329, 2023 WL 2743564, at *4 (E.D. Pa. Mar. 31, 2023) (providing an individual "cannot bring a civil claim under 18 U.S.C. § 242 because § 242 creates no private right of action and none can be implied."); *Johnson v. RovMain, Inc*., No. 22-5219, 2023 WL 2723110,

at *4 (E.D. Pa. Mar. 31, 2023) (citing *Moton v. Wetzel*, 803 F. App'x 589, 592 (3d Cir. 2020)) (recognizing 18 U.S.C. § 1341 does not create a private right of action); *Mazza v. Bank of New York Mellon*, No. 20-3253, 2021 WL 601135, at *6 (E.D. Pa. Feb. 16, 2021) (recognizing there is no private cause of action for violations of 18 U.S.C. § 514, which is a federal criminal statute dealing with forged securities); *Walker v. Wuchte*, No. 22-1532, 2022 WL 2161180, at *2 (E.D.N.Y. June 15, 2022) (providing 18 U.S.C. § 3571 is a federal criminal statute with no private cause of action); *Phillips v. City of Pittsburgh*, No. 22-400, 2022 WL 704933, at *2 (W.D. Pa. Mar. 9, 2022) (recognizing 18 U.S.C. § 1091 as a federal criminal statute which prohibits genocide with no private right of action); *Shaw v. Fernandes*, No. 18-228, 2018 WL 547234, at *2 (E.D. Pa. Jan. 24, 2018) (noting 18 U.S.C. § 876 provides no private cause of action); *Vega v. Bradley*, No. 21-1637, 2021 WL 5579725, at *6 (M.D. Pa. Nov. 30, 2021) (recognizing 18 U.S.C. § 1001 is a criminal statute for which a private cause of action does not exist); *Topfer v. Topfer*, No. 18-01181, 2018 WL 8997509, at *5 (M.D. Pa. Dec. 10, 2018), *report and recommendation adopted*, No. 18-1181, 2019 WL 3778709 (M.D. Pa. Aug. 9, 2019) (providing 18 U.S.C. § 1622 does not provide a private cause of action); *Kinnard v. Pa. Dep't of Corr.*, No. 18-298, 2019 WL 4060922, at *7 (W.D. Pa. July 24, 2019), *report and recommendation adopted*, No. 18-298, 2019 WL 4058938 (W.D. Pa. Aug. 27, 2019) (recognizing claims under 18 U.S.C. § 2112 do not create a private right of action and recognizing only civil causes of action under the Racketeer Influenced Corrupt Organizations Act provide a private right of action).

[105] *Topfer*, 2018 WL 8997509, at *5 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).

[106] *Vega*, 2021 WL 5579725, at *6 (citing *Linda R*, 410 U.S. at 619).

[107] ECF Doc. No. 1 at 7.

[108] *Roark*, 2022 WL 3371615, at *3 (quoting 18 U.S.C. § 1962).

[109] *Mazza*, 2021 WL 601135, at *7 (quoting *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002)).

[110] *Roark*, 2022 WL 3371615, at *3 (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1411–12 (3d Cir. 1991)). Section § 1961(1) provides an exhaustive list of criminal acts which constitute "racketeering activity" under the statute. *Kinnard*, 2019 WL 4060922, at *6.

[111] ECF Doc. No. 1 at 9.

[112] To plead fraud under Pennsylvania law, Mr. Lewis must identify: "(1) a misrepresentation; (2) material to the transaction; (3) which was made falsely; (4) with the intent of misleading another to rely on it; (5) justifiable reliance on the misrepresentation; and (6) injury was proximately caused by reliance." *Williams v. Sorg*, No. 22-4036, 2023 WL 2939589, at *3 (E.D. Pa. Apr. 13, 2023) (citing *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005) (citing *Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534 (Pa. Super. Ct. 2003))). To sufficiently allege any claim involving fraud, the Federal Rules further require Mr. Lewis to "state with particularity the circumstances constituting fraud." *Id.* (quoting Fed. R. Civ. P. 9(b)). Our Court of Appeals has explained "Rule 9(b) requires [Mr. Lewis] to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted

upon; and (5) [Mr. Lewis] acted upon it" to his damage. *Id.* (quoting *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006)).

[113] ECF Doc. No. 10 at 6.

[114] "Replevin is an action at law to recover the possession of personal property and to recover damages incurred as a result of the defendant's illegal detention of plaintiff's property." *Fenton v. Balick*, 821 F. Supp. 2d 755, 759 (E.D. Pa. 2011) (internal citation omitted). Mr. Lewis "must show not only title, but also the exclusive right of immediate possession of the property in question" to prevail in a replevin action. *Id.* He "must show good title and right to possession as against the defendant, but is not required to set up such title or right as against the whole world." *Id.*

[115] *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

[116] *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016).

[117] 28 U.S.C. § 1367(c); *see also Patel*, 666 F. App'x at 136.

[118] 28 U.S.C. § 1367(c)(3).

[119] *Rode*, 845 F.2d at 1207.