IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TORREY-TYREE LEWIS | : CIVIL ACTION |
| | : |
| v. | : NO. 23-1604 |
| | : |
| WILMINGTON SAVINGS FUND SOCIETY, BALLARD SPAHR LLP, ANDREW M. CAROBUS, CHRISTINE L. BARBA, SHERIFF DELAWARE COUNTY PENNSYLVANIA, JOHN OLIVER, RAMSEYS MOVING SYSTEMS, LLC | : : : : : : : |

## ORDER

**AND NOW**, this 31st day of May 2023, following our Congressionally mandated screening under 28 U.S.C. § 1915 of the *pro se* Complaint (ECF Doc. No. 1) and supplemental Complaint filed without leave (ECF Doc. No. 10), after having granted Plaintiff leave to proceed without paying the filing fees and costs (ECF Doc. No. 7) necessitating our screening, finding Plaintiff's pro se theory of state actors creating and then acting upon a fictitious writ of execution to deprive him of his residence and property warrants a second look should Plaintiff plead facts allowing us to plausibly infer a claim within our limited subject matter jurisdiction, and for reasons in today's accompanying Memorandum, it is **ORDERED**:

1. We **consolidate** the allegations in the two pro se Complaints (ECF Doc. Nos. 1, 10) raising claims against most, but not all, the same parties and screen them together;

2. We **DISMISS** all claims in the Complaint (ECF Doc. No 1) in their entirety as Plaintiff fails to state a claim under federal law and we decline to exercise supplemental jurisdiction over his state law fraud and replevin claims:

    a. **With prejudice** as to claims against the Commonwealth, Director Mary J. Walk, the unidentified Sheriff, and Deputy Sheriff John Oliver in their official capacities, and for violations of federal criminal statutes requiring we **amend** the caption as above to reflect the dismissal with prejudice of the Commonwealth and Mary J. Walk;

    b. **Without prejudice** as to the civil rights, conspiracy, racketeering, and state law claims against individuals or entities, requiring we grant Plaintiff leave to file an amended Complaint on these possible claims against non-immune actors acting in their individual capacity if he can do so in good faith including pleading facts allowing us to plausibly infer the named parties prepared and acted upon a fictitious writ of execution and conspiracy and pleading the role of each named party by no later than **June 27, 2023**;

  3. Nothing in this Order shall be construed to affect Plaintiff's rights to timely pursue claims challenging or seeking to invalidate the allegedly fictitious writ of execution in state court; and,

  4. The Clerk of Court shall **NOT ISSUE SUMMONS[ES]** until further Order.

                   _____
                     KEARNEY, J.