**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TORREY-TYREE LEWIS** : | **CIVIL ACTION** |
|   : | |
| **v.** : | **NO. 23-1604** |
|   : | |
| **WILMINGTON SAVINGS FUND** : | |
| **SOCIETY, BALLARD SPAHR LLP,** : | |
| **ANDREW M. CAROBUS, CHRISTINE** : | |
| **L. BARBA, SHERIFF DELAWARE** : | |
| **COUNTY PENNSYLVANIA, JOHN** : | |
| **OLIVER, RAMSEYS MOVING** : | |
| **SYSTEMS, LLC** : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                             **June 22, 2023**

Delaware County officials acted on a writ of possession on two identified properties. They seized personal possessions. The owner of the properties first pro se sued government officials and private entities. We screened his allegations. We then dismissed his Complaint with leave to amend last month. He timely amended to sue a bank, its lawyers, and a local moving company for not giving him notice of acting on a writ of possession and then colluding to unlawfully confiscate his life possessions. He still does not allege steps taken in state court to address this harm by local private persons. He instead wants to charge these private persons with crimes and award him seventy-five million dollars in damages for violating his civil rights, under the Racketeer Influenced Corrupt Organizations Act, and fraud and trespass. We must screen and liberally construe his pro se allegations again. But he does not state a claim under federal law. He cannot bring criminal charges through our Court. We decline to exercise supplemental jurisdiction over his state law claims. We afforded the property owner leave to amend. He amended. But he still does not state a claim within our limited jurisdiction. We dismiss his federal claims with prejudice and his state law claims without prejudice to pursuing his state law remedies in state court.

I.  **Alleged** *pro se* **facts**

Torrey-Tyree Lewis owned two pieces of property for an unknown period in Chester, Pennsylvania located at 702 East 20th Street and 731 Irvington Place.[1] He claims a bank, two attorneys, and a moving company unlawfully confiscated all his possessions at these two locations.[2]

Wilmington Savings Fund Society, Attorney Andrew Carobus, Attorney Christine Barba, and Ramseys Moving Systems "colluded together to unlawfully confiscate" all of Mr. Lewis's "life possessions" first at 731 Irvington Place on October 27, 2021 and then again a year and a half later at 702 East 20th Street on April 19, 2023.[3] Mr. Lewis claims he "never received Notice" and "was denied his Right of Due Process and has never seen a day in court regarding these matters."[4]

But an unnamed attorney for Wilmington Savings Fund Society served Mr. Lewis with a Writ of Possession from the Delaware County Court of Common Pleas on April 19, 2023 while the movers "illegally and unlawfully confiscate[ed] all of [Mr. Lewis's] life's possession[s] from [his] home."[5] The Writ dated June 23, 2022 directed "the Sheriff of Delaware County, Pennsylvania" to satisfy the judgment for possession in *Wilmington Savings Fund Society, FSB* v. *John Does 1 through 4, Unknown Tenants/Occupants and 702 E. 20th St., LLC* by delivering to Wilmington Savings Fund Society "the following described property"—702 East 20th Street, Second Floor, Front, Chester, PA 19013, PA Tax Parcel No. 49-01-00361-00.[6] Attorneys Barba and Andrew Carobus—on behalf of their client Wilmington Savings Fund Society—signed and filed a "Praecipe to Reissue Writ of Possession" on March 2, 2023 in the Delaware County Court of Common Pleas.[7] The Writ appears to have been re-issued on March 2, 2023.[8]

The Writ "wasn't signed by a Judge, nor was an Affidavit attached, nor did it have an Order with a Seal from the court or [ ] judge[.]"[9] So Mr. Lewis claims the bank, two attorneys, and

moving company "trespassed upon [him] and [his] estate[.]"[10] Mr. Lewis asks through a "Writ of Replevin" we "immediately order the Marshals to retrieve and return all of [his] belong[ings] back to: 702 East 20th Street[.]"[11]  Mr. Lewis does not allege what, if anything, he did in state court to challenge the writ of possession.

II.   Analysis

Mr. Lewis sues Wilmington Savings Fund Society, Attorneys Carobus and Barba, and Ramseys Moving Systems.[12] He claims they confiscated his property and demands "a Grand Jury investigation be performed on these matters [i]mmediately."[13] Mr. Lewis seeks $75,000,000.00 in monetary damages.[14] And he asks for declaratory and injunctive relief.[15]

Mr. Lewis began this case two months ago against the Wilmington Savings Fund Society, the Sheriff of Delaware County, Deputy Sheriff John Oliver, Director of the Office of Judicial Support Mary J. Walk, Attorneys Carobus and Barba, and Ramseys Moving Systems.[16] We granted Mr. Lewis leave to proceed *in forma pauperis*.[17] Mr. Lewis then filed another Complaint about a month later bringing only state law replevin claims and adding the Commonwealth and Attorneys Carobus and Barba's firm Ballard Spahr LLP as newly named defendants.[18] We liberally construed the allegations in his second Complaint and those in his original Complaint as one consolidated Complaint, and screened the consolidated Complaint under 28 U.S.C. § 1915(e)(2)(B).[19]

We dismissed Mr. Lewis's claims against the Commonwealth and Director Walk with prejudice as the Commonwealth is immune from suit and Director Walk is entitled to quasi-judicial immunity.[20] We dismissed with prejudice his claims based on criminal statutes as any amendment would be futile.[21] We dismissed Mr. Lewis's claims alleging the Wilmington Savings Fund Society, the Sheriff of Delaware County, Deputy Sheriff Oliver, Attorneys Carobus and Barba and

their law firm, and Ramseys Moving Systems: (1) violated Mr. Lewis's due process rights; and (2) conspired to deprive him of his property by violating his due process rights under section 1983.[22] But we gave Mr. Lewis an opportunity to amend to sue the Sheriffs in their individual capacities if he could allege facts showing they violated his due process rights and conspired with other state actors.[23] And we granted Mr. Lewis leave to amend to sue the attorneys, the law firm, the bank, and the moving company if he could demonstrate the necessary state action and show how each individual and entity reached an agreement to deprive him of his constitutional rights.[24] We dismissed Mr. Lewis's claims brought under the Racketeer Influenced Corrupt Organizations Act and declined to exercise our supplemental jurisdiction over Mr. Lewis's state law claims for fraud and replevin.[25]

Mr. Lewis amended his Complaint.[26] Congress requires we again screen the incarcerated Mr. Lewis's amended Complaint and dismiss if he cannot state a claim.[27] We must determine whether Mr. Lewis pleads "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[28] We must dismiss a claim if it "lacks an arguable basis either in law or in fact."[29] The use of the term "frivolous" in section 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[30] "'At this early stage of the litigation,' '[we will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"[31] Conclusory allegations do not suffice.[32] We construe Mr. Lewis's pro se allegations liberally.[33]

Mr. Lewis's amended Complaint, construed in the most liberal fashion without speculation, seemingly tries to plead claims against Wilmington Savings Fund Society, Attorneys Carobus and Barba, and Ramseys Moving Systems for:

4

- violating criminal statutes;

- violating the Racketeer Influenced Corrupt Organizations Act; and

- committing fraud and trespass under Pennsylvania law.[34]

It is unclear whether Mr. Lewis still claims the bank, attorneys, and moving company violated his due process rights and conspired to deprive him of his property under section 1983. But we will liberally construe such a claim although he pleads no facts in support of this claim.

### A.  We dismiss Mr. Lewis's civil rights claim with prejudice.

We liberally construe Mr. Lewis's amended Complaint as alleging Wilmington Savings Fund Society, Attorneys Carobus and Barba, and Ramseys Moving Systems: (1) violated Mr. Lewis's due process rights; and (2) conspired to deprive him of his property by violating his due process rights under section 1983.[35] Mr. Lewis is no longer suing the Sheriff of Delaware County or the Deputy Sheriff Oliver. So we are now left with Mr. Lewis's claims against only a bank, two attorneys, and a moving company. None of these parties work for the government.

Constitutional claims are generally only available when the government is responsible for the specific conduct giving rise to a claim but "[a] private actor may qualify as a governmental actor in limited circumstances, including when the private entity performs a traditional public function, when the government compels the private entity to take a particular action, or when the government acts jointly with the private entity."[36] "Private individuals may be deemed to have acted under color of state law in a § 1983 action if they conspired with state actors to violate a plaintiffs civil rights" but "such claims must rise above 'mere labels and conclusions.'"[37] "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."[38] And a bank, although often regulated by the government, "is not a state actor by virtue of its regulation by the government."[39]

5

Our Court of Appeals "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists[:]" (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."[40] Another test, commonly referred to as the "joint action test," asks whether a private entity willfully participated in the joint action with the state or its agents.[41] But a "private party's mere invocation of state legal procedures" does not "constitute 'joint participation' or 'conspiracy' with state officials."[42]

Mr. Lewis pleads no specific facts as to how or why the bank, the two private attorneys, or the moving company are state actors. He fails to plead facts allowing us to plausibly infer "there is 'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'"[43] And Mr. Lewis offers no facts as to how these individuals or entities deprived him of his due process rights or were involved in a conspiracy. "[T]he personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, [Mr. Lewis] must allege how each defendant was involved in the events and occurrences giving rise to the claims."[44]

We dismiss the section 1983 due process and conspiracy claims against Wilmington Savings Fund Society, Attorneys Carobus and Barba, and Ramseys Moving Systems with prejudice as we have already given Mr. Lewis a chance to amend to provide specific facts showing these individuals and entities are state actors who violated his due process rights, and they conspired with state actors to violate his due process rights.

### B. We dismiss Mr. Lewis's claims based on criminal statutes with prejudice.

Mr. Lewis again attempts to "charge[]" Wilmington Savings Fund Society, Attorneys Carobus and Barba, and Ramseys Moving Systems with violating various federal criminal statutes.[45] We dismissed Mr. Lewis's earlier claims based on criminal statutes with prejudice in his original Complaint, and now dismiss them again with prejudice because Mr. Lewis lacks standing to prosecute these crimes.

None of these criminal statutes create a private right of action to sue.[46] So Mr. Lewis as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[47] There is no right to require the government to initiate criminal proceedings against an individual.[48]

We dismiss Mr. Lewis's claims alleging the bank, attorneys, and moving company violated the federal criminal code with prejudice as an amendment would be futile because a private party has no right to enforce federal criminal statutes.

### C. We dismiss Mr. Lewis's civil RICO claim with prejudice.

Mr. Lewis again asserts a civil cause of action under the Racketeer Influenced Corrupt Organizations Act.[49]

The relevant civil statute requires Mr. Lewis to identify "the defendant 'enterprise engaged in. . . interstate or foreign commerce'" and they have "received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal."[50] To plead a civil racketeering claim, Mr. Lewis must plead sufficient facts allowing us to plausibly infer the existence of: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[51] A pattern of racketeering activity requires "commission of at least two predicate offenses on a specified list" of crimes.[52]

7

Mr. Lewis has not pleaded any facts which could plausibly support this claim. Mr. Lewis's bare cites to Congress's language in 18 U.S.C. §§ 1963–64, along with his conclusory allegations of misconduct against the entities and individuals, fail to allow us to plausibly infer a civil racketeering claim. We dismiss this claim with prejudice as we have given Mr. Lewis an opportunity to cure these defects.

### D.    We decline to exercise supplemental jurisdiction over state law claims.

Mr. Lewis invoked our limited federal question jurisdiction. We dismiss all his claims over which we have original jurisdiction. But Mr. Lewis also brings state law claims for fraud, trespass, and replevin. We decline to exercise supplemental jurisdiction at this early stage absent a federal question raised among Pennsylvania citizens.

Mr. Lewis claims the bank, attorneys, and moving company committed "[f]raud upon the court and [Mr. Lewis]."[53] We construe this liberally as a general claim for fraud under Pennsylvania law.[54] He claims they also "trespassed upon [him] and [his] estate[,]" which we will construe as a general claim for trespass under Pennsylvania law.[55] And Mr. Lewis asks we "as trustee and thru [a] Writ of Replevin protect" Mr. Lewis's property and estate and "immediately order the Marshals to retrieve and return all of [his] belong[ings]" to 702 East 20th Street.[56] We liberally construe this as a claim for replevin under Pennsylvania state law.[57]

Mr. Lewis invoked our limited federal question jurisdiction. We today dismiss all his civil rights and racketeering claims over which we have original jurisdiction. Congress permits us to exercise supplemental jurisdiction over Mr. Lewis's state law claims under 28 U.S.C. § 1367(a). But our supplemental jurisdiction is discretionary.[58] We may consider our supplemental jurisdiction sua sponte.[59] We "may decline to exercise supplemental jurisdiction" over a claim if one of four factors exists:

(1) the claim raises a novel or complex issue of State law,

8

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[60]

We dismissed all of Mr. Lewis's claims citing federal law with prejudice. We decline to exercise supplemental jurisdiction over Mr. Lewis's state law claims for fraud, trespass, and replevin because we dismissed all claims over which we have original jurisdiction.[61] He may timely proceed on his state law claims in state court.

### III. Conclusion

Mr. Lewis again fails to plead claims over which we have original jurisdiction. Mr. Lewis fails to plead a due process or civil conspiracy claim under section 1983 against the attorneys or private entities as he has not alleged the necessary state action. We dismiss Mr. Lewis's claims based on criminal statutes as an amendment would be futile. We dismiss his civil racketeering claim as he again fails to plead the necessary elements in good faith. We decline to exercise supplemental jurisdiction over Mr. Lewis's state law claims of fraud, trespass, and replevin absent jurisdiction based on a federal question. We dismiss Mr. Lewis's amended Complaint with prejudice in this Court but without prejudice for him to seek remedies for his state law claims in state court.

---

[1] ECF Doc. No. 14 at 2.

[2] *Id*. at 6.

[3] *Id*.

---

[4] *Id.*

[5] *Id.*

[6] *Id.* at 6, 14.

[7] *Id.* at 11.

[8] *Id.* at 10.

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.* at 8.

[12] *Id.* at 6–7.

[13] *Id.* at 6.

[14] *Id.* at 8.

[15] *Id.* at 4.

[16] ECF Doc. No. 1.

[17] ECF Doc. No. 7.

[18] ECF Doc. No. 10.

[19] ECF Doc. Nos. 11, 12.

[20] ECF Doc. No. 11 at 5–6.

[21] *Id.* at 14–15.

[22] *Id.* at 6–14.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 15–16.

[26] ECF Doc. No. 14.

[27] *Shane v. Fauver*, 213 F.3d 113, 116 n. 2 (3d Cir. 2000).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

---

[29] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[30] *Id.*

[31] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[32] *Iqbal*, 556 U.S. at 678.

[33] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[34] ECF Doc. No. 14 at 3–8.

[35] *Id.* at 6.

[36] *Williams v. Sorg*, No. 22-4036, 2023 WL 2939589, at *2 (E.D. Pa. Apr. 13, 2023) (citing *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019)).

[37] *Kitko v. Young*, No. 10-189, 2012 WL 399981, at *3 (W.D. Pa. Feb. 7, 2012), *aff'd*, 575 F. App'x 21 (3d Cir. 2014) (quoting *Capogrosso v. The Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009)).

[38] *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277–78 (3d Cir. 1999).

[39] *Bailey v. Harleysville Nat' l Bank & Tr.*, 188 F. App'x 66, 68 (3d Cir. 2006) ("[T]he Bank is not a state actor by virtue of its regulation by the government and participation in the federal reserve system and Federal Deposit Insurance Corporation.").

[40] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citations omitted) ("[A] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor.").

[41] *Madero v. Luffey*, 439 F. Supp. 3d 493, 514 (W.D. Pa. 2020), *clarified on denial of reconsideration*, No. 19-700, 2020 WL 9815453 (W.D. Pa. Mar. 13, 2020) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941–42 (1982)).

[42] *Livingstone v. Haddon Point Manager LLC*, No. 1913412, 2020 WL 7137852, at *11 (D.N.J. Dec. 7, 2020).

[43] *Kach,* 589 F.3d at 646 (citing *Leshko v. Servis,* 423 F.3d 337, 339 (3d Cir. 2005)) (internal quotations omitted).

[44] *Woods v. Pennsylvania*, No. 22-3515, 2023 WL 173920, at *3 (E.D. Pa. Jan. 12, 2023) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).

[45] Mr. Lewis alleges Wilmington Savings Fund Society deprived him of his fundamental rights under 18 U.S.C. § 242; conspired to deprive him of his fundamental rights under 18 U.S.C. § 241; racketeered and conspired to engage in a pattern of racketeering activity under 18 U.S.C. § 1962;

11

and disclosed confidential information in violation of 18 U.S.C. § 1905. *See* ECF Doc. No. 14 at 6–7. Mr. Lewis claims Attorneys Carobus and Barba violated their oath of office under 18 U.S.C. § 3571; deprived him of his fundamental rights under 18 U.S.C. § 242; conspired to deprive him of his fundamental rights under 18 U.S.C. § 241; racketeered and conspired to engage in a pattern of racketeering activity under 18 U.S.C. § 1962; committed fraud under 18 U.S.C. § 1001; committed treason under 18 U.S.C. § 3571; and committed grand theft under 18 U.S.C. § 2112. *Id*. at 7. And Mr. Lewis claims Ramseys Moving Company deprived him of his fundamental rights under 18 U.S.C. § 242; racketeered and conspired to engage in a pattern of racketeering activity under 18 U.S.C. § 1962; and committed grand theft under 18 U.S.C. § 2112. *Id*. Mr. Lewis also brings claims under 18 U.S.C. §§ 1512, 1513, 3691, although it is unclear who he attempts to brings these claims against. *Id.* at 3.

[46] *See Roark v. Irizarry*, No. 21-4107, 2022 WL 3371615, at *3 (E.D. Pa. Aug. 16, 2022) (recognizing 18 U.S.C. § 241 is a criminal statute which does not provide for a civil remedy); *Miller v. Nelling*, No. 22-3329, 2023 WL 2743564, at *4 (E.D. Pa. Mar. 31, 2023) (providing an individual "cannot bring a civil claim under 18 U.S.C. § 242 because § 242 creates no private right of action and none can be implied."); *Chevron Chem. Co. v. Costle*, 641 F.2d 104, 115 (3d Cir. 1981) (recognizing claims under 18 U.S.C. § 1905 do not create a private right of action); *Johnson v. RovMain, Inc*., No. 22-5219, 2023 WL 2723110, at *4 (E.D. Pa. Mar. 31, 2023) (citing *Moton v. Wetzel*, 803 F. App'x 589, 592 (3d Cir. 2020)) (recognizing 18 U.S.C. § 1341 does not create a private right of action); *Walker v. Wuchte*, No. 22-1532, 2022 WL 2161180, at *2 (E.D.N.Y. June 15, 2022) (providing 18 U.S.C. § 3571 is a federal criminal statute with no private cause of action); *Vega v. Bradley*, No. 21-1637, 2021 WL 5579725, at *6 (M.D. Pa. Nov. 30, 2021) (recognizing 18 U.S.C. § 1001 is a criminal statute for which a private cause of action does not exist); *Kinnard v. Pa. Dep't of Corr*., No. 18-298, 2019 WL 4060922, at *7 (W.D. Pa. July 24, 2019), *report and recommendation adopted*, No. 18-298, 2019 WL 4058938 (W.D. Pa. Aug. 27, 2019) (recognizing claims under 18 U.S.C. § 2112 do not create a private right of action and recognizing only civil causes of action under the Racketeer Influenced Corrupt Organizations Act provide a private right of action); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538–39 (D. Del.), *aff'd*, 350 F. App'x 605 (3d Cir. 2009) (recognizing no private right of action under 18 U.S.C. §§ 1512, 1513); *McClain v. Flaig*, No. 20-1088, 2021 WL 2006605, at *3 (W.D. Tex. Mar. 23, 2021) (recognizing claims under 18 U.S.C. § 3691 do not create a private right of action).

[47] *Topfer v. Topfer*, No. 18-1181, 2018 WL 8997509, at *5 (M.D. Pa. Dec. 10, 2018), *report and recommendation adopted*, No. 18-1181, 2019 WL 3778709 (M.D. Pa. Aug. 9, 2019) (quoting *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973)).

[48] *Vega*, 2021 WL 5579725, at *6 (citing *Linda R*, 410 U.S. at 619).

[49] ECF Doc. No. 14 at 3.

[50] *Roark*, 2022 WL 3371615, at *3 (quoting 18 U.S.C. § 1962).

[51] *Mazza v. Bank of New York Mellon,* No. 20-3253, 2021 WL 601135, at *7 (E.D. Pa. Feb. 16, 2021) (quoting *Warden v. McLelland*, 288 F.3d 105, 114 (3d Cir. 2002)).

[52] *Roark*, 2022 WL 3371615, at *3 (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1411–12 (3d Cir. 1991)). Section § 1961(1) provides an exhaustive list of criminal acts which constitute "racketeering activity" under the statute. *Kinnard*, 2019 WL 4060922, at *6.

[53] ECF Doc. No. 14 at 6.

[54] To plead fraud under Pennsylvania law, Mr. Lewis must identify: "(1) a misrepresentation; (2) material to the transaction; (3) which was made falsely; (4) with the intent of misleading another to rely on it; (5) justifiable reliance on the misrepresentation; and (6) injury was proximately caused by reliance." *Williams v. Sorg*, No. 22-4036, 2023 WL 2939589, at *3 (E.D. Pa. Apr. 13, 2023) (citing *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 401 F.3d 123, 136 (3d Cir. 2005) (citing *Viguers v. Philip Morris USA, Inc.*, 837 A.2d 534 (Pa. Super. Ct. 2003))). To sufficiently allege any claim involving fraud, the Federal Rules further require Mr. Lewis to "state with particularity the circumstances constituting fraud." *Id.* (quoting Fed. R. Civ. P. 9(b)). Our Court of Appeals has explained "Rule 9(b) requires [Mr. Lewis] to plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) [Mr. Lewis] acted upon it" to his damage. *Id.* (quoting *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 270 (3d Cir. 2006)).

[55] ECF Doc. No. 14 at 6. Trespass under Pennsylvania law is defined as an "unprivileged, intentional intrusion upon land in possession of another." *Boring v. Google Inc.*, 362 F. App'x 273, 280 (3d Cir. 2010) (internal citations omitted).

[56] ECF Doc. No. 14 at 8.

[57] "Replevin is an action at law to recover the possession of personal property and to recover damages incurred as a result of the defendant's illegal detention of plaintiff's property." *Fenton v. Balick*, 821 F. Supp. 2d 755, 759 (E.D. Pa. 2011) (internal citation omitted). Mr. Lewis "must show not only title, but also the exclusive right of immediate possession of the property in question" to prevail in a replevin action. *Id*. He "must show good title and right to possession as against the defendant, but is not required to set up such title or right as against the whole world." *Id*.

[58] *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

[59] *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016).

[60] 28 U.S.C. § 1367(c); *see also Patel*, 666 F. App'x at 136.

[61] 28 U.S.C. § 1367(c)(3).